Harold Tessler, J.
Petitioner, individually and as chairman of the Alden-Baleigh Tenants’ Committee, consisting of tenants of the subject premises similarly situated, brings this article 78 proceeding to review and annul the determination of the respondent State Bent Administrator, who granted an application of the landlord-intervenor-respondent for rent increase pursuant to subdivision 5 of- section 33 of the State Bent and Eviction Begulations.
The subject premises consist of twin apartment buildings in Forest Hills, Queens County, totaling 122 units erected in 1939. The buildings were treated as one parcel by the prior landlord and in the transactions involved herein were sold and transferred as one parcel.
In December, 1959, the original landlords sold the buildings to Sidebay Bealty Corporation for $1,102,480.54. Of the purchase price $55,000, or approximately 5%, was paid in cash and the balance by taking title subject to four mortgages in the approximate sums of $552,342, $200,000, $130,000 and $150,000, respectively.
Shortly thereafter a petition was filed with the Local Bent Administrator requesting an over-all increase in rents based upon the aforesaid purchase price. In January, 1960, the tenants interposed an answer objecting to the increase on the ground that the sale was not on normal financing terms and also *887 requested the Rent Commission to employ its subpoena powers to require persons involved in the sale to testify and to produce certain documents. Before this petition was acted upon, the buildings were sold to the present landlord in February, 1960, for $1,142,500. The cash paid on taking title was $265,490.32, or approximately 23%, of the purchase price and the balance by taking title subject to three existing mortgages in the sums of $548,327.87, $199,331.81 and $129,350, respectively.
By letter dated March 2, 1960, the prior landlord withdrew its application for rent increase and by order dated March 14, 1960, its petition was denied without prejudice to the filing of a new application. The order recited that it was predicated upon the ‘ ‘ Application withdrawn by landlord by letter of 3/2/60.” This withdrawal was without any notice to the tenants or their counsel and without their consent.
Thereupon in the latter part of March, 1960, the present landlord filed an application for rent increase based upon the purchase price of $1,142,500. The tenants opposed, claiming that at the time this landlord’s predecessor in title purchased the property inadequate cash was paid. During the course of this proceeding, the tenants once again requested that the Administrator issue subpoenas to all persons concerned with the present and prior sales of the subject premises. No subpoenas were issued to these persons nor were any called to testify.
Upon the protest, the tenants conceded that the present sale (upon which the rent increase herein involved is predicated) was bona fide within the meaning of the law and that ‘1 Whilst the tenants have been unable to unearth evidence which would question the bona tides of the sale to 575 Holding Company, nevertheless, the totality of both sales has led to an abnormally large increase in the sales price of the instant realty.” The tenants further contended “ that the current landlord does not have the right to avail itself of its purchase price because that purchase price represents an inflationary price which was thrust upward by the previous questionable transaction.”
In denying the protest, the respondent rejected the foregoing contention of the tenants, stating: “ Concerning the use of the purchase price as the landlord’s basis of eligibility, a review of the acquisition of the property by the present landlord reveals that although the mortgages in existence at the time of the purchase exceeded the 1959/60 equalized assessed valuation of the property, the landlord’s cash equity of 23.23% was substantial ; the cash paid was more than twice the rent roll; the purchase price was 9.06 times the gross annual rental which *888 is reasonable for this type of property; the history of the building indicated an overall percentage of financial increases total-ling 32.56% and there was no deferred amortization on the three existing mortgages. The Administrator therefore finds that no special circumstances existed which warranted the rejection of the purchase price as the landlord’s basis of eligibility. In this connection, the Administrator notes that the tenants concede that they have no evidence that the purchase by the present landlord was not bona fide.”
The basic issues presented are (1) whether respondent’s failure to employ its subpoena powers, as requested by petitioner, was arbitrary and had. the effect of depriving petitioner of the sole means of inquiry into the purchase price of the subject premises upon which the increase was based, and (2) whether the landlord’s purchase price should have been adopted as the valuation base, notwithstanding that the price paid by its predecessor in title was the result of allegedly abnormal financing (small cash payment), all of which allegedly affected the valuation base upon which the rent increase was predicated.
While subdivision 2 of section 6 of the Emergency Housing Bent Control Law (L. 1946, ch. 274, as amd.) and section 111 of the State Bent and Eviction Begulations provide that the Administrator may issue subpoenas to require persons to testify and/or to produce documents provided it is necessary, the court is of the opinion that a party requesting the issuance of a subpoena must first show the necessity therefor. Were the present sale subject to the same “ thin ” financing as was the prior one, subpoenas would be in order, but where, as here, the bona fides of the sale cannot be refuted by the tenants, there has been no abuse of discretion in refusing to issue the requested subpoenas.
Petitioner relies on Matter of Greenberg v. Herman (13 A D 2d 1008) and argues that it is the duty of the Bent Administrator to inquire into a transaction where a sale is alleged to have been made to persons who purchase property on a speculative basis, knowing that their predecessor in title had not purchased, on normal financing terms. It is urged that the instant case is similar in that the present landlord is charged with either having knowledge of or taking part in a collusive arrangement with its predecessor and consequently the Administrator erred in assuming that the second purchase price was bona fide without relating it to the first. The record, however, shows that there is no relationship of any kind between any of the persons composing the present landlord and its predecessor in title.
*889 Were the facts of the instant case comparable to those in Matter of Greenberg (supra) the court could find petitioner’s position tenable. Such, however, is not the case. To begin Avith, the prior application herein was not decided upon the merits, but rather Avas denied without prejudice OAving to the voluntary withdrawal thereof. Even if that were not so and the prior application had been denied because of improper financing terms that sale need not be considered under the circumstances herein presented.
It is to be noted that in Matter of Greenberg (supra) the Administrator found, among other things, that the purchase price did not reflect the actual value of the property; that petitioners in that case purchased the property through their agent and broker as speculation, gambling upon obtaining a substantial increase in the rent roll on the basis of their purchase price as a valuation base and that at the time of the purchase, the petitioners’ broker and agent was aware that except through the device of obtaining substantial rent increase based upon the purchase price, the property would not earn a sufficient return on the cash investment. The court stated (p. 1009) “ To require the State Rent Administrator to fix a rent base on the purchase price of speculators who purchased the subject premises at approximately the same price as their predecessor in title, Avith knowledge that their predecessor had not purchased the premises on normal financing terms and whose request for a valuation on the rent base of its purchase price had been denied, would be contrary to the fundamental principles of the Emergency Housing Rent Control Law.” (Emphasis supplied.)
Thus, the court held that the landlord, whose predecessor had purchased on other than normal financing terms and who had purchased from its predecessor at approximately the same price with knowledge of these facts, was not entitled to a rent increase based on the purchase price.
Here, however, while the current purchase price was approximately $40,000 in excess of the prior one, the difference in the equity was substantial since over $200,000 more was paid in cash than in the prior sale. In addition, the Administrator found that the purchase price — 9.06 times the gross annual rental — was reasonable for this type of property.
As there is substantial evidence in the record to support respondent’s determinations, this court may not properly substitute its judgment for that of the administrative agency. . (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1.) The petition is accordingly dismissed on the merits mthout costs and the determinations under review are in all respects confirmed.